UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIODIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff* § § § | |
| v. § § | Case No. SA-21-CR-00144-XR |
| ROBERT ESPARZA, *Defendant* § § | |

## ORDER

On this day came on to be considered Defendant's Motion to Dismiss. ECF No. 54. For the reasons that follow, the motion is **DENIED**.

In this case, the Defendant is charged with violating 18 U.S.C. § 922(g)(1) – Felon in Possession of a Firearm. He has previously been convicted of aggravated assault with a deadly weapon.

In *United States v. Diaz*, No. 20-11095, 2023 WL 3197062, at *1 (5th Cir. May 2, 2023), the Fifth Circuit noted that Diaz was a felon who could not lawfully possess guns or ammunition. Although the constitutionality of 922(g)(1) was not an issue in *Diaz*, the Fifth Circuit did not note any concerns about its previous decisions upholding the constitutionality of that statute. It should be noted, however, that the Fifth Circuit has found § 922(g)(3), which bars an individual from possessing a firearm if he is an "unlawful user" of a controlled substance, unconstitutional. *United States v. Daniels*, No. 22-60596, 2023 WL 5091317, at *1 (5th Cir. Aug. 9, 2023).

This Court also recognizes that there exists a circuit split on the constitutionality of § 922(g)(1), the federal felon-in-possession statute. *Compare Range v. Att'y General*, 69 F.4th 96, 98 (3rd Cir. June 6, 2023) (holding § 922(g)(1) unconstitutional as applied), *with United States v. Jackson*, 69 F.4th 495, 501-02 (8th Cir. 2023) (upholding the constitutionality of § 922(g)(1) as

applied and concluding that "there is no need for felony-by-felony litigation regarding the constitutionality" of that provision).

Until such time as either the Fifth Circuit or the United States Supreme Court resolves the constitutionality of § 922(g)(1), this Court is bound by existing Fifth Circuit precedent. As noted by the Court in *United States v. Stewart*, No. 4:23-CR-0105-P, 2023 WL 3313053, at *2 (N.D. Tex. May 8, 2023), "the Fifth Circuit has held that restrictions prohibiting convicted felons from possessing firearms do not violate the Second Amendment." The *Stewart* Court also noted that "*Bruen* did not change that fundamental premise. And this Court is bound by Fifth Circuit precedent and is 'not free to overturn' the Fifth Circuit's pre-*Bruen* decisions upholding Section 922(g)(1)." This Court agrees with those statements. In addition, given the defendant's past criminal history, the as applied challenge is also denied.

The Defendant's motion to dismiss the indictment (ECF No. 54) is **DENIED**.

It is so **ORDERED**.

**SIGNED** this August 31, 2023.

_____
XAVIER RODRIGUEZ
UNITED STATES DISTRICT JUDGE